Sternhagen, /., dissenting in Docket No. 109825: The determination of deficiencies in income tax for 1938 and 1939 should, in my opinion, not be reversed. The transfers to Mrs. Scherer and in trust for the children and the agreement of partnership effected but a redistribution of Scherer’s income within the family group while he retained complete power and control over it and over tlie business and properties by which it was produced. The case is therefore within the rationale of the Clifford case. After signing the papers, nothing of substance was done in derogation of Scherer’s ownership. The business was still operated by him and under his “exclusive management,” and the. distribution or retention of income was entirely at his discretion. Except for the two amounts deposited in the wife’s bank account and used for household expenses and maintenance of the children, no income was in fact distributed. To hold that for the purpose of section 22 (a) Scherer was not the owner of the property or the income as he had been before is as untenable as the Supreme Court said it would have been in the Clifford case, and fits the language of that opinion — “To hold otherwise would be to treat the wife as a complete stranger; to let mere formalism obscure the normal consequences of family solidarity; and to force concepts of ownership to be fashioned out of legal niceties which may have little or no significance in such household arrangements.” Murdock, TukneR, Harron, and Opper, JJ., agree with this dissent.